**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

ANDERSON SANTOS HERNANDEZ,

        Petitioner,

v.

                                   Civil No. 2:26cv652

JEFFREY CRAWFORD, *Farmville*
  *Detention Center*, et al.,

        Respondents.

**MEMORANDUM ORDER**

On June 26, 2026, Anderson Santos Hernandez ("Petitioner") filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241. ECF No. 1. Federal Respondents were then instructed by this Court to file either (1) a Notice indicating that the factual and legal issues presented in this Petition do not differ in any material fashion from those addressed in Romero v. Crawford, No. 3:25cv788, 2026 WL 94634 (E.D. Va. Jan. 13, 2026), and Ponce Vidal v. Crawford, No. 2:26cv134, 2026 WL 561188 (E.D. Va. Feb. 27, 2026); or (2) an Opposition to the Petition discussing the material differences between these cases and the instant matter. ECF No. 4. On July 13, 2026, Federal Respondents filed a Notice indicating that the factual and legal issues presented here do not materially differ from the Eastern District of Virginia cases cited above. ECF No. 6.

The above-referenced cases address the proper interpretation and application of 8 U.S.C. § 1225 and § 1226. Historically, § 1225 was applied to noncitizens encountered at, or near, designated or undesignated border crossings, whereas § 1226 was applied to noncitizens otherwise found within the United States. In 2025, the government, first through an internal memorandum and later through a decision by the Board of Immigration Appeals ("BIA"), announced a new interpretation of § 1225. According to this new interpretation, "nearly all noncitizens who entered the United States without inspection" and who are later found to be present anywhere in the United States are subject to mandatory detention without a bond hearing under § 1225(b), "rather than the discretionary detention provisions of 8 U.S.C. § 1226(a)." Ortega Miranda v. Bondi, No. 3:25cv769, 2026 WL 287179, at *3 (E.D. Va. Feb. 3, 2026) (citation omitted); see Matter of Yajure Hurtado, 29 I.& N. Dec. 216 (BIA 2025).

Since this BIA decision, multiple judges of this Court, consistent with the weight of emerging case law, have rejected this new interpretation of § 1225. However, federal judges do not unanimously agree on the issue, as evidenced by a circuit split. Compare Buenrostro-Mendez v. Bondi, 166 F.4th 494, 502 (5th Cir. 2026), and Avila v. Bondi, 170 F.4th 1128, 1138 (8th Cir. 2026), with Barbosa da Cunha v. Freden, 175 F.4th 61, 96 (2d Cir. 2026), Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, 175 F.4th 1258,

1285 (11th Cir. 2026), and Lopez-Campos v. Raycraft, 175 F.4th 713, 732 (6th Cir. 2026).

The Supreme Court has "long held that an alien seeking initial admission to the United States requests a privilege and has no constitutional rights regarding his application, for the power to admit or exclude aliens is a sovereign prerogative." Landon v. Plasencia, 459 U.S. 21, 32 (1982). "But once an alien enters the country, the legal circumstance changes, for the Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." Zadvydas v. Davis, 533 U.S. 678, 693 (2001). As noted, consistent with this distinction, § 1225 was previously applied to noncitizens attempting to physically enter the United States, whereas § 1226 was applied to noncitizens who had successfully entered the United States (even if unlawfully).[1]

Examination of the interplay between § 1225 and § 1226 raises complex questions as to which both sides of the dispute have presented multifaceted arguments that offer compelling reasoning. However, this Court ultimately agrees with the emerging majority

---

[1] Cf. Dep't of Homeland Sec. v. Thuraissigiam, 591 U.S. 103, 118–19 (2020) (explaining that the noncitizen in that case had no basis to challenge his "confinement during the pendency of [his] expedited asylum review" because it was undisputed "that he was apprehended in the very act of attempting to enter this country," meaning that mandatory detention was proper under § 1225(b)(1), and further noting that "simply releasing him would not provide the right to stay in the country" because "[w]ithout a change in status, he would remain subject to arrest, detention, and removal" under § 1226(a)).

3

view among district judges, especially the constitutional analysis in <u>Romero</u>, 2026 WL 94634, at *5-6 (explaining that the government's interpretation of § 1225 "would raise constitutional problems which the Supreme Court is yet to address"); <u>see also</u> <u>Aroca v. Mason</u>, 819 F. Supp. 3d 517, 544 (S.D.W. Va. 2026) (finding that the petitioner's interpretation of § 1225 and § 1226 "align[ed] with longstanding constitutional principles" recognizing that "[n]oncitizens physically present in the United States, whether lawfully or unlawfully, are entitled to greater due process protections than those stopped at the border"); <u>Centeno Ibarra v. Warden of the Fed. Det. Ctr. Philadelphia</u>, No. 25cv6312, 2025 WL 3294726, at *7 (E.D. Pa. Nov. 25, 2025) ("[T]he canon of constitutional avoidance counsels against the government's interpretation [of § 1225]."); <u>cf.</u> <u>Ortega Miranda</u>, 2026 WL 287179, at *10 (finding that the petitioner's "continued detention without a bond hearing violates his right to procedural due process").

"The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" <u>Mathews v. Eldridge</u>, 424 U.S. 319, 333 (1976) (citation omitted). This right to be heard in a meaningful manner takes on even greater significance when <u>physical detention</u> is at stake, particularly detention that routinely exceeds a year in length,[2]

---

[2] It appears that the median completion time for BIA appeals of removals was more than 450 days as of 2015. <u>Immigration Courts: Actions Needed to Reduce Case Backlog and Address Long-Standing Management and Operational</u>

is civil in nature, and, in the absence of a hearing, would be imposed regardless of whether the detainee has committed any statutorily disqualifying crimes or poses <u>any</u> risk of flight or danger to the public. See <u>Zadvydas</u>, 533 U.S. at 690 ("Freedom from imprisonment — from government custody, detention, or other forms of physical restraint — lies at the heart of the liberty that [the Due Process] Clause protects."); <u>Aroca</u>, 819 F. Supp. 3d at 546 ("The Supreme Court has emphasized that 'civil commitment for any purpose constitutes a significant deprivation of liberty that requires due process protection.'" (quoting <u>Addington v. Texas</u>, 441 U.S. 418, 425 (1979))).

Accordingly, Petitioner's § 2241 Petition is **GRANTED in part.** ECF No. 1. Respondents are **ORDERED** to provide Petitioner with a standard § 1226(a) bond hearing before an Immigration Judge **on or after July 28, 2026, but not later than August 4, 2026.** In line with due process requirements, Petitioner is entitled to <u>sufficient notice of the date of the bond hearing,</u>[3] an opportunity to be heard in a meaningful manner at such hearing, and a ruling

---

<u>Challenges</u>, Gov't Accountability Office, at 33, https://www.gao.gov/assets/690/685022.pdf (last visited July 14, 2026); <u>see also</u> EOIR Adjudication Statistics, https://www.justice.gov/eoir/media/1344791/dl?inline (last visited July 14, 2026) (indicating that the Executive Office for Immigration Review had fewer than 900,000 pending cases in 2016 but approximately 3.6 million by the second quarter of 2026).

[3] Petitioner suggests that mail delays may affect his hearing preparation. ECF No. 1, at 8. The hearing timeframe specified here is intended to ensure that Petitioner receives this Order, and the notice of his hearing date, once it is set, sufficiently in advance of his hearing to allow him to prepare and present evidence to the immigration judge.

premised on his own case-specific circumstances. Cf. Mendez Trigueros v. Guadian, No. 1:26cv205, slip op. at 7 (E.D. Va. Feb. 18, 2026) (ordering that the petitioner be released unless he received a second § 1226(a) bond hearing that was "constitutionally compliant").

Respondents are further **ORDERED** to file a status report with this Court within **three (3) days** of the bond hearing, stating whether Petitioner has been granted bond, and, if his request for bond was denied, the case-specific reasons given by the Immigration Judge for that denial.

The Clerk is **DIRECTED** to enter partial judgment in Petitioner's favor pursuant to Federal Rule of Civil Procedure 58, forward copies of this Memorandum Order to Petitioner and to counsel for Respondents, and to administratively close this case.[4]

**IT IS SO ORDERED.**

_____
/s/
Mark S. Davis
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
July 14 , 2026

----

[4] Although the case will be administratively closed, the Court retains jurisdiction to ensure compliance with this Order.

6